UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3527 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| U.L.S.T., LLC, d/b/a Waterfront Hotel & Marina, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Deborah Laufer brings this suit against U.L.S.T., LLC, which operates Waterfront Hotel & Marina in Johnsburg, Illinois, for its alleged failure to make accessibility information available on booking websites as required by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Doc. 1. For ease of reference, both U.L.S.T. and Waterfront Hotel & Marina will be referred to as "Waterfront." Waterfront moves to dismiss under Civil Rule 12(b)(1) and (6), arguing that Laufer lacks standing and that her complaint fails to state a claim. Doc. 13. The motion is denied.

**Background**

In resolving a Rule 12(b)(1) motion asserting a facial challenge to subject matter jurisdiction, as in resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016) (Rule 12(b)(6)); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (Rule 12(b)(1)). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in

1

Laufer's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Laufer as those materials permit. *See Domanus v. Locke Lord, LLP*, 847 F.3d 469, 478-79 (7th Cir. 2017). In setting forth the facts at this stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Laufer, a resident of Florida, has several disabilities. Doc. 1 at ¶ 1. She has impaired vision and limited use of her hands. *Ibid*. She relies on a wheelchair because she cannot walk more than a few steps on her own. *Ibid*. She can visit a hotel only if it has accessible parking and a network of flat, wide, and unobstructed paths for her wheelchair. *Ibid*. She can use a sink only if it does not require tight grasping or twisting and is high enough that she can place her legs underneath it, and she needs a toilet with nearby grab bars. *Ibid*.

As "an advocate of the rights of similarly situated disabled persons," Laufer acts as a "'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." *Id*. at ¶ 2. In particular, Laufer routinely checks whether online hotel reservation systems such as booking.com, orbitz.com, priceline.com, and expedia.com are providing sufficient information for individuals with disabilities to determine whether their needs will be met. Doc. 1 at ¶ 9, Doc. 23-1 at ¶¶ 2-3. She does so because she herself has difficulty in making travel plans when unable to ascertain whether a hotel and its rooms are accessible. Doc. 23-1 at ¶ 3. When Laufer visits an online hotel reservation system and believes it does not comply with the ADA, she "request[s] that a law suit be filed to bring the website into compliance with the ADA so that [she] and other disabled persons can use it." *Id*. at ¶ 4.

2

On several occasions in June 2020, Laufer visited Waterfront's booking page on hotel reservation websites. *Id.* at ¶ 6. She did so "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." *Ibid.* She found the information on those websites insufficient in that they "d[id] not identify any accessible rooms … or contain any information as to whether any rooms or features at the hotel are accessible." *Ibid.* Laufer attributes that failure to Waterfront, not the websites, because in her experience, "when a third party reservations system is not compliant, it is because the hotel did not provide the required information." *Ibid.*

## Discussion

Waterfront moves to dismiss on two grounds. First, it argues under Rule 12(b)(1) that Laufer lacks standing to bring this suit because she does not allege any specific plans to visit the Johnsburg area or to stay at Waterfront. Doc. 14 at 3-5. Second, it argues under Rule 12(b)(6) that Laufer does not plausibly allege any violation of the ADA. *Id.* at 5.

### I. Standing

A federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring it. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

To be concrete, the plaintiff's injury "must be *de facto*; that is, it must actually exist," meaning that it must be "real" and not "abstract." *Ibid*. (internal quotation marks omitted). Both "tangible" and "intangible" injuries, even those that are "difficult to prove or measure," can be concrete. *Id*. at 1549. Concreteness requires at least some "appreciable risk of harm" to the plaintiff. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016); *see also Spokeo*, 136 S. Ct. at 1550 (holding that an injury is not concrete where the defendant's conduct does not "cause harm or present any material risk of harm"); *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911 (7th Cir. 2017) (holding that the plaintiff lacked standing where he identified no "plausible (even if attenuated) risk of harm to himself").

In arguing that Laufer lacks standing, Waterfront characterizes her alleged injury as a mere "informational" and "dignitary" harm. Doc. 14 at 3-4. And Waterfront suggests that because Laufer's complaint does not allege any plan to stay at the hotel, her injury is not "concrete" enough to satisfy Article III. *Id*. at 4-5. Before turning to those arguments, the court addresses as a preliminary matter the declaration Laufer attaches to her opposition brief. Doc. 23-1. Laufer avers in that declaration that she in fact has plans to visit the Johnsburg area. *Id*. at ¶ 5. She insists in her brief that "such [a plan] is not necessary for purposes of standing," but asserts that her declaration provides evidence of that plan if one is necessary. Doc. 23 at 15.

Waterfront acknowledges that, at the pleading stage, the court must accept the truth of a declaration attached to a plaintiff's brief opposing dismissal so long as the declaration is consistent with the complaint. Doc. 24 at 3; *see Phillips*, 714 F.3d at 1020. But Waterfront argues that Laufer's averment that she plans to visit Johnsburg is *not* consistent with her complaint because, as a self-described "tester," it is inconceivable that she plans to visit the environs of every hotel whose page she inspects on reservation websites. Doc. 24 at 3-4. That

4

argument fails because Laufer's declaration does not aver that she plans to visit the environs of *every* hotel whose online information she scrutinizes for ADA compliance; rather, she avers only that she intends to visit the Johnsburg area. And although the complaint's characterization of Laufer as a tester seeking to vindicate the ADA rights of individuals with disabilities nationwide, rather than a traveler seeking lodging in the Johnsburg area, casts some doubt on the veracity of her averment, the complaint nowhere alleges that she affirmatively *lacks* such an intention. Thus, the declaration is not inconsistent with the complaint.

All that said, the declaration does not support Laufer's argument that she has standing. Laufer avers in pertinent part:

> I *have* plans to travel to Illinois as soon as the Covid crisis is over and it is safe to travel. I *intend* to travel all throughout the State, including the areas North of Chicago and the Pistakee/Fox Lake area near Johnsburg, and I need to stay in hotels when I go. Because the Defendant's hotel and so many other hotel websites fail to allow for booking of accessible rooms and fail to provide sufficient information about whether or not the hotels' features are accessible, it makes it extremely difficult for me to make any meaningful choice because I *am* deprived of the information I need to make my plans.

Doc. 23-1 at ¶ 5 (emphasis added). The declaration, which is composed in the present tense, is dated August 11, 2020, so it conveys only that, as of August 11, 2020, Laufer had plans to travel to the Johnsburg area. But Laufer filed her complaint on June 16, 2020, Doc. 1, so her burden is to establish federal jurisdiction as of *that* date. *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 928 (7th Cir. 2013) ("Standing is evaluated at the time suit is filed."); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit."). Laufer's averment that, as of August 2020, she had plans to visit the Johnsburg area neither speaks to her burden nor meets Waterfront's contention that she lacked that intent in June 2020. Given this, the court must decide whether the complaint alone,

which alleges neither a plan to visit Johnsburg nor an intent *not* to, establishes that Laufer has standing to bring this suit.

Waterfront argues that Laufer's lack of standing follows as a straightforward matter from *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019) (Barrett, J.). Doc. 14 at 3-4. *Carello* involved a blind plaintiff—a tester, like Laufer—who used "screen reader" software to access and understand websites. 930 F.3d at 832. The plaintiff was unable to access the Aurora Policemen Credit Union's website because it did not support his computer's software, so he sued the Credit Union under the ADA. *Id*. at 832-33.

The Seventh Circuit held that the plaintiff lacked standing, but cautioned that its ruling was "very narrow." *Id*. at 833. The court began by clarifying that a plaintiff's status as a tester does not deprive her of standing. *See ibid*. ("[B]oth we and the Supreme Court have made it clear that tester status does not deprive a plaintiff of standing.") (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982), and *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). That said, the court noted that "[a] tester must still satisfy the elements of standing, including the injury-in-fact requirement." *Ibid*.

On that point, the Seventh Circuit explained that the plaintiff's alleged injuries were "a dignitary harm stemming from his inability to use the website and an informational harm resulting from a lack of access to information on the website." *Ibid*. The court held those injuries insufficient. In so holding, the court acknowledged that dignitary and informational harms *can* qualify as injuries-in-fact. *See id*. at 833-34 ("There is no doubt that dignitary harm is cognizable; stigmatic injury is 'one of the most serious consequences'" of discrimination.") (quoting *Allen v. Wright*, 468 U.S. 737, 755 (1984)); *id*. at 835 ("An informational injury occurs when the defendant refuses to provide the plaintiff with information that a law … entitles him to

6

obtain and review for some substantive purpose. In such cases, a plaintiff 'need not allege any additional harm beyond' his failure to receive information that the law renders subject to disclosure.") (citations omitted) (quoting *Spokeo*, 136 S. Ct. at 1549). But the Seventh Circuit held that the plaintiff's injuries were insufficient because he was "legally barred" in the first place from using the Credit Union's services, which under state law were available only to certain city and county employees. *See id*. at 832-33 (emphasis omitted). As the court explained, because state law prevented the plaintiff's harms from ever "materializ[ing] into a concrete injury," "the Credit Union's failure to accommodate the visually impaired in the provision of its services [could not] affect him personally." *Id*. at 834. It followed, the Seventh Circuit concluded, that there was "no connection between [the plaintiff] and the Credit Union that distinguishe[d] him from anyone else who is ineligible for membership and offended by the Credit Union's failure to comply with the ADA." *Ibid*.; *see also Clay v. Fort Wayne Cmty. Sch.*, 76 F.3d 873, 878-79 (7th Cir. 1996) (noting that "generalized grievances shared in substantially equal measure by a large class of citizens" cannot support standing).

*Carello* took pains to note just how narrow its ruling was, stating: "Neither of [the plaintiff's] alleged injuries passes the [injury-in-fact] test, although we stress that it is for a very narrow reason. As the Fourth Circuit recently held in a nearly identical case, a plaintiff who is legally barred from using a credit union's services cannot demonstrate an injury that is either concrete or particularized. Our holding is no broader than that." 930 F.3d at 833 (citing *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649 (4th Cir. 2019)); *see also Griffin*, 912 F.3d at 657 ("[T]he case before us today is straightforward and narrow. … We have no occasion to consider here, for example, a case brought by a similarly disabled individual who was eligible for credit union membership in the defendant.").

Despite this caveat, Waterfront reads *Carello* as establishing the broad proposition that a tester plaintiff's lack of an affirmative intent to utilize the defendant's services necessarily means that she lacks standing. Doc. 14 at 4. That was not what *Carello* held; indeed, the opinion recognized that such a proposition would be inconsistent with the Supreme Court's tester standing cases. *See* 930 F.3d at 833; *see also Havens Realty*, 455 U.S. at 373-74 ("A tester who has been the object of a misrepresentation made unlawful under [the Fair Housing Act] has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions. That the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, does not negate the simple fact of injury within the meaning of [the Act].").

In sum, *Carello* does not help Waterfront, as the Seventh Circuit held only that an ADA plaintiff lacks standing when there is an independent legal barrier to her ability to utilize the defendant's services. What *Carello* reinforces is that absent such a legal barrier, informational and dignitary injuries *do* suffice to support Article III standing. And that is exactly what Laufer alleges here. She claims that the inadequate disclosures about Waterfront's accessibility "deprive her of the information required to make meaningful choices for travel," and that she "suffer[s] … frustration and humiliation as the result of the discriminatory conditions present" on the hotel's booking pages. Doc. 1 at ¶ 13. Thus, even absent a concrete plan to visit Johnsburg, Laufer has standing to bring this ADA suit. *See Carello*, 930 F.3d at 834 ("There is no doubt that dignitary harm is cognizable … . A plaintiff '"personally denied equal treatment" by the challenged discriminatory conduct' has suffered a concrete injury … .") (quoting *Allen*, 468 U.S. at 755); *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 694 (7th Cir. 2018) ("Even though not all

8

statutory violations inflict concrete personal harm, withholding information when a statute requires its publication—sometimes called an 'informational injury'—may do so. An informational injury is concrete if the plaintiff establishes that concealing information impaired her ability to use it for a substantive purpose that the statute envisioned.") (citations omitted).

## II.     Failure to State a Claim

Waterfront next submits that the complaint fails to state a claim, arguing that the ADA "requires the hotel to accommodate Ms. Laufer's disabilities [only] if she desires to stay there." Doc. 14 at 5. As explained above, however, Laufer's alleged injury is not the inability to stay at Waterfront; rather, it is the inability to determine whether she *can* stay there, as well as the stigmatic injury resulting from Waterfront's failure to make accessibility information available.

Laufer alleges that Waterfront's failure in this respect violates a regulation promulgated to implement the ADA, Doc. 1 at ¶ 7—specifically, 28 C.F.R. § 36.302(e)(1)(ii), which provides: "A public accommodation that owns … or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party[,] … [i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs … ." *See also* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 Fed. Reg. 56,236, 56,274 (Sept. 15, 2010) ("Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms."). Waterfront does not argue that this regulation is inapplicable, nor does it contest that a violation of the regulation gives rise to an ADA suit. Doc. 14 at 5. Given this, the complaint

9

will not be dismissed under Rule 12(b)(6).  *See Kennedy v. Siesta Inn & Suites, Inc.*, __ F. App'x __, 2020 WL 5820871, at *2-3 (11th Cir. Sept. 30, 2020) (per curiam) (holding that an ADA tester plaintiff's similar complaint stated an ADA claim for a violation of § 36.302(e)(1)(ii)).

## Conclusion

Waterfront's motion to dismiss is denied.  It shall answer the complaint by November 18, 2020.

November 4, 2020

_____
United States District Judge